Fnu TANDADJAJA, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES.

No. 07–2232.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) April 9, 2008.

Opinion filed: April 9, 2008.

Theodore N. Cox, Law Office of Theodore N. Cox, New York, NY, for Petitioner.

Richard M. Evans, Susan K. Houser, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: BARRY, SMITH and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Tandadjaja petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition.

Tandadjaja, a native and citizen of Indonesia, entered the United States on April 8, 2000, as a non-immigrant visitor and was authorized to remain temporarily within the United States until December 7, 2000. On March 22, 2003, Petitioner was

issued a Notice to Appear, which alleged that he was in the country without authorization. In response, Tandadjaja conceded that he was removable and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

In denying his claims on September 12, 2005, the Immigration Judge ("IJ") concluded that Tandadjaja's asylum application was untimely. The IJ further found that Tandadjaja had not satisfied the requirements for withholding of removal pursuant to § 241(b)(3)(A) or under the CAT. On March 26, 2007, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision and dismissed Tandadjaja's appeal. Tandadjaja petitions for review of the BIA's decision.

Initially, Tandadjaja argues that the BIA's failure to analyze and the IJ's failure to consider an expert witness's affidavit violated his right to due process. Due process requires a "full and fair hearing" with a "reasonable opportunity to present evidence." *Jarbough v. Att'y Gen.*, 483 F.3d 184, 192 (3d Cir.2007). "[T]he question for due process purposes is not whether the BIA reached the *correct* decision; rather, it is simply whether the Board made an individualized determination of [Tandadjaja's] interests." *Abdulai v. Ashcroft*, 239 F.3d 542, 550 (3d Cir.2001) (emphasis in original). Furthermore, to prevail on his due process claim, Tandadjaja must show substantial prejudice. *Jarbough*, 483 F.3d at 192.

 Upon review of the record, we find no due process violation. Both the decisions of the IJ and the BIA indicate that Tandadjaja's expert witness's affidavit was considered. Although the IJ did not specifically cite the affidavit in the body of the decision, the IJ listed the affidavit among the evidence considered. Furthermore, the BIA specifically stated that it considered the affidavit on appeal. Because the BIA's opinion evidences its consideration of the individualized circumstances of Tandadjaja's appeal, we conclude that no due process violation occurred.

Next, Tandadjaja argues that the BIA and the IJ erred in concluding that he failed to establish eligibility for withholding of removal. Because the BIA adopted a portion of the IJ's decision, we review the decisions of both the BIA and the IJ. *See Shehu v. Att'y Gen.*, 482 F.3d 652, 657 (3d Cir.2007). We will sustain their determinations if they are supported by substantial evidence in the record. *Id.* Under the substantial evidence standard, we will uphold the determinations of the BIA and the IJ "unless the evidence not only supports a contrary conclusion, but compels it." *Zubeda v. Ashcroft*, 333 F.3d 463, 471 (3d Cir.2003) (citations omitted).

In order to establish that he is entitled to withholding of removal, Tandadjaja must demonstrate that it is more likely than not that he will be subject to persecution on account of race, religion, nationality, membership in a particular social group, or political opinion if he returned to Indonesia. 8 U.S.C. § 1231(b)(3)(A). Tandadjaja concedes that he has not suffered past persecution. Accordingly, Tandadjaja must demonstrate a "clear probability" that he has a well-founded fear of future persecution. *See Wang v. Gonzales*, 405 F.3d 134, 139 (3d Cir.2005); *see also* 8 U.S.C. § 1231(b)(3)(A). "To establish a well-founded fear of future persecution an applicant must first demonstrate a subjective fear of persecution through credible testimony that [his] fear is genuine. Second, the applicant must show, objectively, that 'a reasonable person in the alien's circumstances would fear persecution if returned to the country in question.' To satisfy the objective prong, a petitioner must show [he] would be individually sin-

gled out for persecution or demonstrate that 'there is a pattern or practice in his or her country of nationality ... of persecution of a group of persons similarly situated to the applicant.'" *Lie v. Ashcroft,* 396 F.3d 530, 536 (3d Cir.2005) (citations omitted).

The BIA and the IJ concluded that Tandadjaja failed to demonstrate a pattern or practice of persecution of ethnic Chinese in Indonesia. The BIA relied, in part, on the United States Department of State Country Reports for 2003, which state that the government of Indonesia officially promotes ethnic and racial tolerance. Although Tandadjaja submitted an affidavit from an expert witness that indicated the situation in Indonesia remained dire for Chinese nationals, the BIA and the IJ acted within their discretion in giv-

ing greater weight to the State Department's own assessments of the situation. *See Ambartsoumian v. Ashcroft,* 388 F.3d 85, 89 (3d Cir.2004) (holding that "State Department reports may constitute 'substantial evidence' for the purposes of reviewing immigration decisions.").

Given the deferential standard of review that governs, we will not disturb the decisions of the BIA and the IJ.[1]

For the foregoing reasons, we will deny Tandadjaja's petition for review.

---

1. Tandadjaja does not allege any incidents or likelihood of torture, and, thus, cannot meet the criteria for relief under the CAT. 8 C.F.R. § 208.16(c)(2).